UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK MEDLOCK,

        Plaintiff,                        Case No. 1:14-cv-721

v.                                             HON. ROBERT HOLMES BELL

BARRY FREED, et al.,

        Defendants.
_____/

**ORDER ADOPTING IN PART**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 31, 2015, Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") (ECF No. 34) recommending that Defendant Kilchermann's motion for summary judgment (ECF No. 25) be granted and that the remaining Defendants' motion for summary judgment (ECF No. 20) be granted in part and denied in part. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 35.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

1

**A. Grievance DRF-12-09-2105-17a**

On September 17, 2012, Plaintiff filed a grievance against Lieutenant Freed, arguing that a threat by Freed to issue a Notice of Intent (N.O.I) against Plaintiff constituted ethnic intimidation. (ECF No. 21-3, PageID #123.) At Step I, the grievance was rejected on the merits because there was no obvious "violation of [Policy Directive] 03.0[2].130 'Humane Treatment and Living Conditions for Prisoners.'" (*Id.* at 124.) Plaintiff subsequently filed a Step II grievance. (*Id.* at 121.) This grievance was rejected on procedural grounds because it was not filed in accordance with Michigan Department of Corrections (MDOC) Policy Directive 03.02.130. Paragraph G of the Policy Directive provides:

> Prisoners and parolees are required to file grievances in a responsible manner. A grievance shall be rejected by the Grievance Coordinator if it contains profanity, threats of physical harm, or language which demeans the character, race, ethnicity, physical appearance, gender, religion, or national origin of any person, unless it is part of the description of the grieved behavior and is essential to that description.

(Policy Directive, ECF No. 21-2, PageID #96.) The response to Plaintiff's Step II grievance noted that the Step II grievance "is inappropriate and as such is rejected in accordance with the policy directive." (ECF No. 21-3, PageID #122.) After Plaintiff appealed the Step II decision, Plaintiff's Step III grievance was rejected because "[t]he responses [Plaintiff] received at Steps I and II reflect that [Plaintiff's] issues were in fact considered and appropriately responded to at the facility level . . . the Step II decision is upheld." (*Id.* at 120.)

Defendants' motion for summary judgment claims that Plaintiff's grievance failed to exhaust all available administrative remedies. Defendants argue that Plaintiff's noncompliance with the Policy Directive at Step II forecloses Plaintiff's ability to bring a subsequent § 1983 claim. (ECF No. 21, PageID # 91.) The Magistrate Judge did not provide reasoning, but agreed that Plaintiff

2

failed to exhaust administrative remedies with respect to this grievance. Plaintiff's objections argue that "all Defendants were mentioned in the Step I grievances so as to uphold the exhaustion requirement." (ECF No. 35, PageID #176.)

The facts here are analogous to *Staples v. Whitney*, No. 1:09-cv-13, 2010 WL 520705 (W.D. Mich. 2010). In *Staples*, this Court presumed that the plaintiff's Step I grievance was rejected for reasons other than a failure to comply with the Policy Directive's procedural rules. *Id.* at *4. The plaintiff's Step II grievance was rejected on procedural grounds. *Id.* "The Step III response goes on to state that Plaintiff's grievance was properly rejected on the merits at Steps I and II. This suggests that Plaintiff's grievance was not rejected for failure to comply with a procedural requirement, but was instead rejected on the merits." *Id.* at 5. Because the Step III response indicated that the rejection was on the merits rather than on procedural grounds, the Court held that the defendants failed to prove that the plaintiff did not properly exhaust his grievance. *Id.*

Here, Plaintiff's Step I grievance was rejected on the merits. Plaintiff's Step II grievance was rejected on procedural grounds. The Step III rejection, which notes that the issues raised by Plaintiff were "considered and appropriately responded to," but provides no further explanation, appears to be based on the merits rather than on procedural grounds. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 502 (6th Cir. 2011) (finding exhaustion of administrative remedies because the Step III response did not "clearly and expressly state" that the rejection was based on procedural grounds). Accordingly, this Court finds that Grievance DRF-12-09-2105-17a exhausted all available administrative remedies against Defendant Freed.

**B. Grievance DRF 12-10-2326-03b**

On October 11, 2012, Plaintiff filed Grievance DRF 12-10-2326-03b. The essence of this

grievance is that Plaintiff tried speaking with Defendant Gehoski about moving to a different unit due to a risk of imminent assault. After Plaintiff was not moved, Plaintiff was assaulted by another prisoner. Plaintiff asserts that Defendant Schafer "wrote misconduct on both as for a fight and that was only to cover up violations of code of ethics, humane treatment, dereliction of duties, Dept. Work rules, and M.C.L. 19.142(1)(e) . . . ." Further, Plaintiff argues that "Inspector Christiansen has blatantly denied institution's liability along with Lt. Freed." (ECF No. 21-3, PageID ##117-18.) Plaintiff's Step II and Step III grievances were rejected. (*Id.* at 114, 116.)

The Magistrate Judge found that "Plaintiff has no claim against Officer S[c]hafer for charging him with misconduct for fighting. Plaintiff does not even allege whether or not he was found guilty of the misconduct charge. Plaintiff's passing reference to Inspector Christiansen and Lieutenant Freed . . . did not exhaust the claims that he is asserting against those individuals in this lawsuit." (ECF No. 34, PageID #170.) The Magistrate Judge found that Plaintiff did exhaust his Eighth Amendment claim against Defendant Gehoski. (*Id.*)

Plaintiff's objections argue that "[g]rievances were exhausted and Plaintiff objects to summary judgment being granted to Officer Schafer or Lt. Freed. All defendants were mentioned in the Step I grievances so as to uphold the exhaustion requirement . . . ." (ECF No. 35, PageID #176.)

While it is unclear at this point whether Plaintiff's claim against Defendants Christiansen and Freed is meritorious, the Court disagrees with the Magistrate Judge's determination that the passing reference to the Defendants did not exhaust Plaintiff's claim. This Court has previously held that a passing reference to a prison official in a grievance is sufficient to survive a motion for summary judgment. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at *18 (W.D. Mich. Sept.

4

30, 2008) ("A passing reference to [Defendant] appears in the last paragraph of [Plaintiff's] grievance. Indulgently, this is considered as sufficient to exhaust [Plaintiff's] Free Exercise and RLUIPA claims against [Defendant.]"); *Barney v. Corr. Med. Servs.*, No. 1:08-cv-694, 2009 WL 3711612, at *12-13 (W.D. Mich. Nov. 3, 2009) (finding two defendants not entitled to dismissal because, "[a]lthough the grievance is not a model of clarity, it does contain a passing reference to [the defendants] and complains that 'they' should not have prescribed Nizoral and should have referred plaintiff to a dermatologist").

Plaintiff also objects to the Magistrate Judge's determination that "Plaintiff has no claim against Officer S[c]hafer." In his objections, Plaintiff argues both that Officer Schafer filed a false misconduct report against Plaintiff for fighting and that Officer Schafer engaged in a conspiracy to allow another inmate into Plaintiff's room to assault Plaintiff. (ECF No. 35, PageID #175.) Plaintiff's original grievance alleges only that, after Plaintiff was assaulted, Officer Schafer was running down the hall to Plaintiff's room, and that Officer Schafer wrote him a misconduct ticket. Because "prisoners cannot raise new issues in this court that were not raised in the grievance," *Baker v. Vanderark*, No. 1:07-cv-004, 2007 WL 3244075, at *8 (W.D. Mich. Nov. 1, 2007), Plaintiff's assertion that Schafer was a "direct participant" in Plaintiff's assault will not be considered. Further, Plaintiff does not make specific objections to the Magistrate Judge's conclusion that Plaintiff's claim against Schafer for filing a false misconduct ticket for fighting does not rise to the level of an Eighth Amendment violation. Accordingly, Plaintiff's claims against Defendant Schafer have no merit.

**C. Defendants Kilchermann, Ward, Ley, and Thomsen**

The Magistrate Judge noted that "Plaintiff did not file any grievance against defendants Kilchermann, Ward, Ley, or Thomsen and pursue such a grievance through a Step III decision before

5

filing this lawsuit." (ECF No. 34, PageID #167.) The Court agrees, and Defendant has not specifically objected to this finding. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 34) is **APPROVED AND ADOPTED IN PART**. The Court rejects the Magistrate Judge's recommendations as to both of Plaintiff's claims against Defendant Freed and Plaintiff's claim against Defendant Christiansen.

**IT IS FURTHER ORDERED** that Defendant Kilchermann's Motion for Summary Judgment (ECF No. 25) is **GRANTED** and Defendant Kilchermann is **DISMISSED** without prejudice for lack of exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that Defendants Freed, Christiansen, Ward, Ley, Thomsen, Schafer, and Gehoski's Motion for Summary Judgment (ECF No. 20) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Ward, Ley, and Thomsen are **DISMISSED** without prejudice for lack of exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that Defendant Schafer is **DISMISSED** with prejudice.

Dated: September 22, 2015                     /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE